# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**BILLY WOOLSTENHULME,**

      **Petitioner,**

**vs.**                                  **No. CIV 00-1737 MV/LCS**

**LAWRENCE TAFOYA, Warden,**

      **Respondent.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

      **THIS MATTER** comes before the Court upon Respondent's Motion to Dismiss (Doc. 18), filed February 26, 2001.  Petitioner filed two Responses, (Docs. 20 and 23), to the Motion to Dismiss.  The Court has considered the Motion, Answer, Responses, the record herein, and the relevant law.  For the reasons stated, I propose finding that the Motion to Dismiss is well-taken and I recommend that it be **GRANTED**.

## PROPOSED FINDINGS

      1.      Petitioner is currently incarcerated and is proceeding *pro se* and *in forma pauperis*. Petitioner is confined pursuant to the Judgment, Sentence and Commitment of the Second Judicial District Court for the County of Bernalillo, State of New Mexico, dated August 7, 1997; Order Revoking Original Probation and Imposing New Probation, dated March 5, 1999; and Order and Commitment, dated January 4, 2000.  (Answer Ex. A; C; and F.)  After he pleaded guilty to three counts of fraudulent use of a credit card, two counts of fraud (over $250); and two counts of conspiracy to commit fraud (over $250), Petitioner was sentenced by the Honorable Albert S. "Pat"

Murdoch, District Judge, to a seven-year suspended sentence, provided that he successfully complete five years of probation. (Answer Ex. A.) While Petitioner admitted his identity and was found to be the same person convicted of eight prior felony convictions, (Answer Ex. B), no habitual proceedings were brought against him in 1997

2.      On March 5, 1999, Judge Murdoch held a hearing on the State's Motion to Revoke Probation, and determined that Petitioner violated his probation by failing to report as often as requested and/or failing to submit truthful written reports. (Answer Ex. C.) Judge Murdoch revoked Petitioner's probation and placed him on a new term of probation with all the terms of the original probation and credit for time already served on probation. (*Id.*)

3.      On March 19, 1999, the State filed a Second Motion to Revoke Probation, alleging that Petitioner had violated his probation by harboring a fugitive and associating with a person having a criminal record. (Answer Ex. D.) On December 17, 1999, the State filed a supplemental information that Petitioner was a habitual offender with eight prior felonies. (Answer Ex. F.) On January 4, 2000, Judge Murdoch found that Petitioner had admitted violating the terms of his probation by committing new crimes and ordered that he be imprisoned for the previously suspended term of seven years, enhanced by two consecutive eight-year terms pursuant to the Habitual Offender Act, for a total term of 23 years incarceration, to be followed by one year mandatory parole. (Answer Ex. F.)

4.      Petitioner filed a Motion to Reconsider Sentence on March 17, 2000, which was denied on July 12, 2000. (Answer Ex. G; H.) Petitioner filed a state petition for a writ of habeas corpus on July 26, 2000, raising issues relating to ineffective assistance of counsel, involuntary plea, illegal sentence, double jeopardy, vindictive prosecution, and judicial bias. (Answer Ex. I.) On

2

August 17, 2000, Judge Murdoch denied the petition for a writ of habeas corpus.  (Answer Ex. I.)
On September 13, 2000, Petitioner filed a petition for a writ of certiorari with the New Mexico
Supreme Court. (Answer Ex. K.)  The supreme court denied certiorari on October 17, 2000.
(Answer Ex. L.)  Petitioner did not file a direct appeal.

5.        Respondent argues that Petitioner's claims are procedurally defaulted because he failed
to file a direct appeal following the revocation of his probation.  A federal court may not consider
issues raised in a habeas petition that have been defaulted in state court on an independent and
adequate procedural ground, unless the petitioner can demonstrate cause and prejudice or a
fundamental miscarriage of justice.  *Thomas v. Gibson*, 218 F. 3d 1213, 1221 (10th Cir. 2000).
Under New Mexico law, post-conviction proceedings are not a substitute for direct appeal, *Duncan
v. Kerby*, 115 N.M. 344, 346, 851 P.2d 466, 468 (1993), and failure to raise claims on direct appeal
results in waiver of those claims.  *State v. Gillihan*, 86 N.M. 439, 440, 524 P.2d 1335, 1336 (1974).
The Tenth Circuit has held that the direct appeal requirement constitutes an independent and adequate
state law ground.  *Jackson v. Shanks*, 143 F. 3d 1313, 1318 (10th Cir. 1998).

6.        Petitioner alleges ineffective assistance of counsel among his claims, but does not
claim that his counsel was ineffective in failing to file a direct appeal.  Although ineffective assistance
of appellate counsel may constitute cause for a procedural default, that ineffective assistance of
counsel claim must have been exhausted in the state courts.  *Edwards v. Carpenter*, 529 U. S. 446,
451-452 (2000).  If the ineffective assistance of appellate counsel claim was not raised in state court,
the federal petition is technically unexhausted.  *See Edwards*, 529 U. S. at 453; *Parkhurst v.
Shillinger*, 128 F. 3d 1366, 1367 (10th Cir. 1997).  Petitioner failed to allege in his state habeas
petition that his attorney was ineffective by failing the file a direct appeal.  Under these circumstances,

3

the federal petition is unexhausted.

7.     A habeas corpus petitioner must exhaust available state court remedies before obtaining federal habeas relief.  *See Rose v. Lundy*, 455 U .S. 509, 519 (1982).  The exhaustion requirement is based on notions of comity and creates a "strong presumption in favor of requiring the prisoner to pursue his available state remedies."  *Granberry v. Greer*, 481 U.S. 129,131 (1987). Federal district courts routinely dismiss petitions where the petitioner has failed to exhaust his state court remedies.  *See Bear v. Boone*, 173 F.3d 782, 786 (10th Cir. 1999).  Petitioner failed to exhaust his state court remedies with respect to the issues raised herein.  *Edwards*, 529 U. S. at 453. Accordingly, Petitioner's claim under 28 U.S.C. § 2254 should be dismissed for failure to exhaust state court remedies.

### RECOMMENDED DISPOSITION

I recommend that the Petition be **DISMISSED**.

Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C). Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations with the Clerk of the United States District Court, 333 Lomas Blvd. NW, Albuquerque, NM 87102.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**

4